AF Approval _____        Chief Approval _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 8:18-cr-351-T-36AEP

EDWIN SANTIAGO, JR.

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of

Florida, and the defendant, Edwin Santiago, Jr., and the attorney for the

defendant, Mark J. O'Brien, mutually agree as follows:

## A.    Particularized Terms

### 1.    Counts Pleading To

The defendant shall enter a plea of guilty to Counts One and

Two of the Superseding Information.  Count One charges the defendant with

attempted production of child pornography, in violation of 18 U.S.C.

§ 2251(a) and (e). Count Two charges the defendant with possession of child

pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

### 2.    Minimum and Maximum Penalties

Count One is punishable by a mandatory minimum term of

imprisonment of 15 years up to 30 years, a fine of $250,000, a term of

Defendant's Initials _ES_

supervised release of 5 years up to life, and a special assessment of $100.
Count Two carries a maximum sentence of 20 years' imprisonment, a fine of
$250,000, a term of supervised release of 5 years up to life, and a special
assessment of $100. With respect to certain offenses, the Court shall order the
defendant to make restitution to any victim of the offense, and with respect to
other offenses, the Court may order the defendant to make restitution to any
victim of the offense, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a
$5,000 special assessment on any non-indigent defendant convicted of an
offense in violation of certain enumerated statutes involving: (1) peonage,
slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation
and other abuse of children; (4) transportation for illegal sexual activity; or (5)
human smuggling in violation of the Immigration and Nationality Act
(exempting any individual involved in the smuggling of an alien who is the
alien's spouse, parent, son or daughter).

3.   Apprendi v. New Jersey and Alleyne v. United States

Under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Alleyne v.
United States*, 570 U.S. 99 (2013), and 18 U.S.C. § 2252(b)(2), a maximum
sentence of 20 years may be imposed as to Count Two because the following
facts have been admitted by the defendant and are established by this plea of

guilty: The defendant possessed child pornography involving a prepubescent minor or a minor who had not attained 12 years of age.

4. <u>Elements of the Offenses</u>

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

<u>First</u>: an actual minor, that is, a real person, who was less than 18 years old, was depicted;

<u>Second</u>: the defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct, or attempted to do so; and

<u>Third</u>: the defendant knew or had reason to know that the visual depiction would be mailed or transported in interstate or foreign commerce, or the visual depiction was produced using materials that had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or the visual depiction was mailed or actually transported in interstate or foreign commerce.

To establish attempt, the government must prove that:

<u>First</u>: That the defendant knowingly intended to commit the crime of child pornography production; and

<u>Second</u>: The defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

Defendant's Initials _ES_                     3

The elements of Count Two are:

First:     the defendant knowingly possessed one or more matters
           which contained any visual depiction of a minor engaged
           in sexually explicit conduct;

Second:    such visual depiction had been mailed, shipped, or
           transported in interstate or foreign commerce, by any
           means, including by computer, or was produced using
           materials which had been so mailed, shipped, or
           transported;

Third:     the production of the visual depiction involved the use of a
           minor engaging in sexually explicit conduct and the visual
           depiction was of such conduct; and

Fourth:    the defendant knew that the visual depiction involved the
           use of a minor engaging in sexually explicit conduct.

5.   Indictment Waiver

Defendant will waive the right to be charged by way of a

superseding indictment before a federal grand jury.

6.   Counts Dismissed

At the time of sentencing, Counts One through Four of the

original indictment will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

7.   No Further Charges

If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge

defendant with committing any other federal criminal offenses known to the

Defendant's Initials  E.S                    4

United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

8.   <u>Mandatory Restitution to Victims of Offense of Conviction</u>

Pursuant to 18 U.S.C. § 2259, defendant agrees to make restitution to known victims of the offense for the full amount of the victims' losses as determined by the Court. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

9.   <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

10.   Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level.  The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot

and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

11.   Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation

Defendant's Initials Ê.S          7

qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

12.     Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

13.     Cooperation - Responsibilities of Parties

a.     The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However,

Defendant's Initials _ES_          8

the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

      b.     It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

      (1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

      (2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights,

Defendant's Initials F. S.         9

as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books,

Defendant's Initials ČS           10

papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

14.    Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited include, but are limited to an Apple iPhone, model A1633, and an Apple Macbook Pro, which were used or intended to be used to commit or to promote the commission of the offenses charged in Counts One and Four.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative

Defendant's Initials ℰ.𝒮.          11

forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by

Defendant's Initials _EJS_                12

the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for

Defendant's Initials _ES_                    13

acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

15.   Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not

Defendant's Initials _E.S_                14

later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.**   **Standard Terms and Conditions**

1.   Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the

Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2.    Supervised Release

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3.    Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.     Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.     Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United

States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.  Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States

Defendant's Initials  ₵S          18

Probation Office.  Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement.  The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to

appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges

Defendant's Initials _ES_                    20

defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials _ES_          21

11.   <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

<u>FACTS</u>

On February 26, 2018, the defendant, Edwin Santiago Jr., an adult male, attempted to produce child pornography by taking a video of an 8-year old female relative, B.S. Moreover, beginning on an unknown date, but at least as early as February 26, 2018, and continuing through June 28, 2018, Santiago knowingly amassed and possessed a collection of child pornography. Santiago attempted to produce child pornography and collected child pornography at his home in Lakeland, Florida, in the Middle District of Florida. Santiago lived in the home with his wife and B.S and B.S. lived under Santiago's custody, care, and supervisory control.

During this time, Santiago actively communicated with other persons and undercover agents using his iPhone and computer on various internet-based applications and platforms, including Kik Messenger and cumonprintedpics.net. Santiago's discussions frequently centered on soliciting other online users to ejaculate on pictures of B.S., and to engage in sexual

Defendant's Initials _E.S_                    22

activities with his wife and B.S. Santiago expressed on multiple occasions his desire to watch other individuals have sex with B.S. He also consistently distributed and received child pornography during the conversations—for his own sexual gratification and for the purpose of acquiring more child pornography.

In one conversation, Santiago told an undercover agent that he has "creep vids of [B.S.'s] butt and panties..." and requested child pornography by stating: "send me a link young please." Santiago also indicated that he had masturbated next to B.S.

In another Kik Messenger conversation with a different undercover agent, Santiago indicated that his sexual preference in terms of age had "no limits." He distributed a picture of B.S., stating: "Big cock needed for her and load." When asked by the undercover agent if Santiago needed a babysitter for B.S., Santiago responded: "I'll share...Hope you cum to her." He also discussed recently video conferencing with another individual who had masturbated to orgasm while watching B.S. sleeping. When asked if he was "for real" or merely role-playing, Santiago responded: "real." He also said that there would be "no limits," sending a video of B.S. sleeping. He elaborated: "She needs lessons...Explain love to hear....Oral; 69 her...Pop her cherry; I dream of seeing it by someone." When the agent asked Santiago how they

would sexually engage with B.S., Santiago responded: "Have to trick her…[m]aybe take her somewhere give her something to passout." Santiago then asked for verification that the undercover agent was not law enforcement by stating: "Send me jerking vid first to her then will continue."

Santiago was also active on "cumonprintedpics.net." There, he posted various public advertisements that included his Kik Messenger username, such as: "Kik to see wife/[relative]." He posted similar advertisements over 130 times on that website. At one point, he responded to a post on cumonprintedpics.net in the general forum section, with the topic title "real-dad-with-[relatives]." Santiago shared his Kik Messenger user name and wrote: "…Have [minor] too." In the private-message function of that website, Santiago had numerous conversations with other individuals. One conversation discussed payment to Santiago in exchange for sex with B.S.

Santiago possessed over 100 images and over 100 videos of child pornography on his iPhone and used Kik Messenger and other internet-based platforms to distribute the material. The material included prepubescent children, toddlers, and sadomasochistic conduct. For example, on June 21, 2018, Santiago possessed and distributed via Kik Messenger attachment "647a77f0-4e56-47c2-ee21-5ecda5e7b2de." The image shows a young, prepubescent female child, approximately 4–8 years old, sitting on a chair

Defendant's Initials _C_S_        24

wearing only black stockings performing fellatio on an adult male who is standing next to the child wearing only a white t-shirt.

Santiago's iPhone also contained more than 50 images and over 30 videos of B.S. (some of which are images of semen atop photographs of B.S.). In one video, created on or about February 26, 2018, Santiago attempted to produce child pornography of B.S by using his iPhone to take a video of her. The video file, approximately 11 seconds long, is titled IMG_7513.mp4. The video shows B.S. sleeping on her back with her legs apart. She is wearing pink pajama bottoms and has on gray panties underneath. The video features the outline of her vaginal crease and labia through the panties. During the video, Santiago's hand physically manipulates B.S.'s pajama bottoms from underneath and from the abdomen, pulling them to expose B.S.'s panty-covered vaginal area. At the time of the video's production, B.S. was 8-years old.

On that same day, Santiago produced IMG_7515.mp4 using his iPhone. The video is substantially the same as IMG_7513, showing B.S.'s exposed panty-covered vaginal area. Santiago distributed this video via Kik Messenger on June 27, 2018. Santiago sent this video in response to solicitations from another user he was chatting with about child sex. The user responded: "wow mmm fuck that's hot." Santiago then says "thanks." The user then said:

Defendant's Initials _B.S_                25

"Show more please soo horny."

In June 2018, Santiago created a second video on his iPhone, bearing the file name ba61dfd2-2146-4261-908c-9ee01f705fff. This video is approximately one second in length and depicts B.S. laying on her back with her knees bent and her legs spread apart. She is wearing small blue shorts, but the focus of the video is exclusively of, and zoomed in on, her genital area. The video shows the outline of B.S.'s buttocks through her shorts and her panties underneath her shorts.

Kik Messenger chats show that Santiago sent this video in response to requests from a user with whom he was chatting. The user stated: "mmm…show more of her please…Let's see you show her off again," referring to B.S. Santiago replied: "Ok" and then sends the image described immediately above. In a separate conversation with another user, Santiago discussed B.S. in a sexual way. The user then said: "how much," to which Santiago replied: "Not sure." Santiago sent the above-described video and said: "She's waiting." The user replied: "I'll sa've a grand," and Santiago replied: "More." The user then said: "for her no. $1000…final offer." Santiago replied: "Ok I'll pass."

Santiago's iPhone was manufactured outside the United States. The phone and its components moved in and affected interstate and foreign

Defendant's Initials _E.S_            26

commerce before Santiago possessed the phone at his home in the Middle
District of Florida.

Santiago spoke with law enforcement and admitted to having viewed
and saved child pornography on his devices, that child pornography sexually
aroused him, and that he produced the videos of B.S. because he was aroused
by the thought of other people being sexually gratified by B.S. The videos that
Santiago created of B.S. were taken for the purpose of sexual gratification and
designed to elicit a sexual response in the viewer.

12. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the
government and the defendant with respect to the aforementioned guilty plea
and no other promises, agreements, or representations exist or have been
made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _SyS_          27

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this __19__ day of __April__, 2019.


MARIA CHAPA LOPEZ
United States Attorney


Edwin Santiago, Jr.
Defendant

Francis D. Murray
Assistant United States Attorney


Mark J. O'Brien
Attorney for Defendant

Amanda L. Riedel
Assistant United States Attorney
Acting Chief, Special Victims Section